IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OSAMA "SAM" ELFEKY,<br>                     Plaintiff,<br><br>          v.<br><br>JEH JOHNSON, Secretary, United States<br>Department of Homeland Security,<br>LORETTA E. LYNCH, Attorney General of<br>the United States,<br>LEON RODRIGUEZ, Director, United<br>States Citizenship and Immigration<br>Services,<br>EVANGELIA KLAPAKIS , Director,<br>Philadelphia Field Office, United States<br>Citizenship and Immigration Services,<br>LAURA B. ZUCHOWSKI, Director,<br>Vermont Service Center, United States<br>Citizenship and Immigration Services, and<br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br>                     Defendants. | CIVIL ACTION<br><br><br>NO.  15-3442 |

DuBois, J.                                                      February 3, 2017

**M E M O R A N D U M**

## I.      INTRODUCTION

This is an immigration case arising out of a series of adverse decisions by the United States

Citizenship and Immigration Services ("USCIS" or "Agency"). Plaintiff, Osama Elfeky, challenges

four decisions by USCIS related to Elfeky's alleged fraudulent marriage as arbitrary and capricious

under the Administrative Procedure Act. Those challenged decisions are (1) the August 26, 2010

revocation of the Agency's approval of the I-360 application, (2) the April 10, 2015 dismissal of the

I-290B motion for reconsideration of the Agency's decision to revoke the I-360 approval, (3) the

February 17, 2016 denial of the I-485 application seeking to adjust status from asylee to lawful

permanent resident, and (4) the February 17, 2016 denial of the I-602 application seeking waiver of

inadmissibility.  Presently before the Court are the Government's Motion for Summary Judgment

1

and Partial Dismissal and Elfeky's Cross Motion for Summary Judgment. For the reasons that follow, the Court grants in part and denies in part the Government's Motion. The Court denies Elfeky's Cross Motion in its entirety.

## II.    BACKGROUND

The facts of this case as set forth in the parties' briefs and accompanying exhibits are summarized as follows. The facts are not contested except as otherwise noted.

A.    Factual Background

*1. Elfeky's Marriages and Immigration Filings*

Plaintiff Osama Elfeky, an Egyptian citizen, entered the United States using a nonimmigrant visa on September 5, 2000. Defs.' Statement of Facts ("SUMF") ¶ 1. On August 3, 2001, a month and a half before his visa expired, Elfeky married Kimberly D., a United States citizen. SUMF ¶ 3. Kimberly D. subsequently filed a Form I-130, Petition for Alien Relative, with USCIS seeking to classify Elfeky as the spouse of a United States citizen. SUMF ¶ 4. In connection with that submission, Kimberly D. and Elfeky listed different residential addresses. SUMF ¶ 7. During the same period, Elfeky filed his first Form I-485 application, seeking to register permanent residence or adjust status. SUMF ¶ 8. USCIS scheduled an interview with Elfeky and Kimberly D. to review the I-130 petition and the I-485 application, but both failed to attend. SUMF ¶ 10.

The manager of Elfeky's apartment building later disclosed that Elfeky lived alone to agents from the United States Department of Homeland Security during an investigation of fraudulent Social Security cards. SUMF ¶¶ 13-14. The manager informed the agents that Elfeky wanted to have his wife added to the lease but the lease was never altered to include her name. SUMF ¶ 15. Agents subsequently visited Elfeky at his apartment and noted that the apartment contained no women's belongings or items. SUMF ¶ 16.

During his discussion with the agents, Elfeky stated that he and Kimberly D. separated in June 2002. SUMF ¶ 17. According to his admission, Kimberly D. only stayed at the apartment two nights a week for about two or three months prior to their separation. SUMF ¶ 17. In response to the agents' questions, Elfeky was unable to recall his wife's telephone number or her exact address. SUMF ¶ 20. Both the Form I-130 petition and the I-485 application, previously submitted by Elfeky, identified Onsi Malaty as the attorney and preparer of the documents. SUMF ¶ 9. However, Elfeky told agents that he never used Malaty as his attorney. SUMF ¶¶ 18-19. Malaty was subsequently convicted of crimes related to a larger marriage fraud scheme. SUMF ¶¶ 34, 38. Elfeky filed a petition in state court to dissolve his marriage to Kimberly D., and the state court entered judgment dissolving the marriage on September 10, 2003. SUMF ¶¶ 21-22.

On October 21, 2005, two federal agents interviewed Kimberly D. about her marriage to Elfeky. SUMF ¶ 23. Kimberly D. informed the agents that a woman named Sharon "set up the whole thing" and arranged her marriage to Elfeky so he could remain in the United States. SUMF ¶ 24. According to Kimberly D., she first met Elfeky on the day of their marriage at a notary's office in California. SUMF ¶ 27. Elfeky had his attorney prepare and submit the necessary papers, including the I-130 petition and I-485 application, to USCIS. SUMF ¶ 28. She claimed that Sharon, the marriage arranger, agreed to pay her $1,000 in exchange for marrying Elfeky. SUMF ¶ 30. Kimberly D. stated that she never lived with Elfeky but sometimes went to dinner and a movie with him to appear as if they were a legitimate married couple. SUMF ¶ 31. Following the interview with the agents, Kimberly D. withdrew her I-130 petition for Elfeky on the basis of marriage fraud. SUMF ¶ 32. In that withdrawal, she wrote, "My marriage to Osama Elfeky was not valid. Sharon paid [me] $1,000 to marry him. I am withdrawing my petition for to [sic] being married to Osama. I never did live with him." SUMF ¶ 32. Like Malaty, Sharon was subsequently convicted of crimes related to a larger marriage fraud scheme. SUMF ¶¶ 34, 38.

On July 12, 2005, Elfeky married Jennifer P., a United States citizen. SUMF ¶ 39. Approximately two years later, on April 11, 2007, Elfeky filed Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, with USCIS seeking to classify himself as the abused spouse of a United States citizen. SUMF ¶ 40. The I-360 petition allows victims of domestic violence to gain immigration status for themselves so their status no longer depends upon their batterer. SUMF ¶ 41. Elfeky subsequently filed a petition in state court to dissolve his marriage to Jennifer P. SUMF ¶ 43. On August 19, 2009, USCIS approved Elfeky's I-360 petition. SUMF ¶ 44.

1. *Revocation of I-360 Petition Approval and Dismissal of I-290B Motion for Reconsideration*

On August 26, 2010, after allowing Elfeky to present evidence and weighing the evidence before it, USCIS revoked its approval of the I-360 petition. SUMF ¶ 50. On September 14, 2010, Elfeky filed Form I-290B, Notice of Appeal or Motion, requesting that USCIS reconsider its revocation of the I-360 approval. SUMF ¶ 51. USCIS concluded that Elfeky failed to provide new facts or reasons to warrant reconsideration and dismissed the I-290B motion pursuant to 8 C.F.R. § 103.5(a)(4) on April 10, 2015. SUMF ¶ 52.

USCIS also denied Kimberly D.'s I-130 petition and Elfeky's corresponding I-485 application on the basis of marriage fraud. SUMF ¶ 53. Elfeky does not challenge those two denials. SUMF ¶ 53.

Elfeky then filed an application with USCIS seeking asylum. SUMF ¶ 54. While Elfeky's asylum application was pending, Elfeky sued Kimberly D. in the Superior Court of California, alleging that her statements about marriage fraud were false. SUMF ¶ 60. Kimberly D. and her father failed to respond to the state court complaint, and the state court entered judgment by default against Kimberly D. and in favor of Elfeky in the amount of $152,500. SUMF ¶¶ 62-63.

On August 21, 2012, the immigration judge granted Elfeky asylum in the United States. SUMF ¶ 64. On January 26, 2014, Elfeky filed a second I-485 application. SUMF ¶ 65. At the same

time, Elfeky also filed Form I-602, Application by Refugee for Waiver of Grounds of Inadmissibility, seeking to have USCIS waive the "perceived" marriage fraud with Kimberly D. as a ground for rendering him inadmissible. SUMF ¶ 66. In support of his I-602 application, Elfeky asserted that the Superior Court of California made a judicial finding that Kimberly D.'s description of the marriage to agents was false and that investigatory agents coerced her into providing false details about the marriage. SUMF ¶¶ 67, 70.

   2.  *Denials of I-485 and I-602 Applications*

On October 19, 2015, USCIS issued Notices of Intent to deny Elfeky's second I-485 and I-602 applications and summarized the evidence before the Agency. SUMF ¶¶ 71-72. USCIS concluded that Elfeky's assertion that his marriage was legitimate was not credible for a number of reasons. SUMF ¶ 74. First, Kimberly D.'s statements about engaging in marriage fraud were against her self-interest and subjected her to criminal penalties. SUMF ¶ 74. Second, Kimberly D.'s description of the events surrounding her marriage was consistent with details from a larger marriage fraud investigation in the same city. SUMF ¶ 74. Third, the Agency discounted Elfeky's allegations of coercion by federal agents, reasoning that Kimberly D. described her marriage in front of a co-worker and two federal agents, and the Agency received no complaints to suggest that the agents had acted in an unlawful manner. SUMF ¶ 74. USCIS also noted that Elfeky used Onsi Malaty to prepare the filings with Kimberly D., although Elfeky continued to assert falsely that he did not use him as a representative. SUMF ¶¶ 75-76.

USCIS also catalogued that evidence that Elfeky had presented in support of his contention that his marriage to Kimberly D. was bona fide. SUMF ¶ 77. This evidence included affidavits, a credit card for Kimberly D., utility bills and residential service confirmation for Elfeky and Kimberly D., and 2001 and 2002 federal tax forms for Elfeky and Kimberly D.  Defs. Mot. for Summ. J., Ex. 2, A.R. 1505. USCIS determined that "[i]n totality, the evidence provided does not

outweigh the derogatory information in the record establishing your marriage to [Kimberly D.] was a fraudulent marriage." *Id.* USCIS also concluded that Elfeky did not warrant a waiver of inadmissibility. SUMF ¶ 78. Elfeky was invited to provide any additional evidence to rebut USCIS's intended denials of his I-485 and I-602 applications. SUMF ¶ 79.

Following the USCIS Notices of Intent to Deny, Elfeky entered into a settlement with Kimberly D. as to the California action. SUMF ¶¶ 80-81. The agreement stated that Kimberly D. and Elfeky "were legally married and did legally reside together for a period of time," and that Kimberly D. "did not engage in or participate in any unlawful or fraudulent acts" regarding the marriage. SUMF ¶ 81. In exchange for the filing of a satisfaction of judgment as to the $152,000 award, the agreement states that Elfeky and Kimberly D. agree that, "[e]xcept for the validity of the marriage," Kimberly D. "has no present recollection of how she met Mr. Elfek[y], how long they dated, where they lived, and who he was employed by." SUMF ¶ 82. Elfeky submitted this settlement agreement to USCIS as new evidence in response to the Agency's Notices of Intent to Deny his I-485 and I-602 applications. SUMF ¶ 84.

The Agency considered this new evidence and determined that Kimberly D.'s statements about engaging in marriage fraud to federal agents in 2005 were more credible than the provision in the settlement agreement stating that the marriage was legitimate. SUMF ¶¶ 85- 86. After consideration, USCIS issued its official denials of the I-485 and I-602 applications on February 17, 2016. SUMF ¶ 87.

B.   Procedural History

On June 15, 2015, Elfeky filed his original Complaint in this action, seeking a Writ of Mandamus against Jeh Johnson, then Secretary of the Department of Homeland Security, and other federal officials in connection with his I-485 application to register permanent residence or adjust status and his I-602 application for a waiver of grounds of inadmissibility, ordering the Agency to

6

complete its adjudication. However, the Agency subsequently adjudicated Elfeky's applications, rendering Elfeky's original Complaint moot.

On March 7, 2016, Elfeky filed an Amended Complaint, in which he challenges four decisions by USCIS: (1) revocation of the Agency's approval of the I-360 application, (2) dismissal of the I-290B motion for reconsideration of the Agency's decision to revoke the I-360 approval, (3) denial of the I-485 application seeking to adjust status from asylee to lawful permanent resident, and (4) denial of the I-602 application seeking waiver of inadmissibility. Am. Compl. ¶¶ 9, 15, 25-26, 36.

On August 15, 2016, the Government filed a Motion for Summary Judgment and Partial Dismissal. In its Motion, the Government seeks dismissal for lack of subject matter jurisdiction of Elfeky's challenges to USCIS's revocation of its prior approval of Elfeky's I-360 application, USCIS's dismissal of Elfeky's I-290B motion for reconsideration of that revocation, and USCIS's denial of the I-602 application for waiver of inadmissibility. The Government also seeks entry of judgment in its favor on Elfeky's challenges to USCIS's denials of the I-485 application for adjustment and I-602 application for waiver of inadmissibility. On October 17, 2016, Elfeky filed a combined Cross Motion for Summary Judgment and Response to the Government's Motion, in which he argued that USCIS failed to meet its burden of proof as to the I-485 and I-602 decisions and failed to meaningfully consider the criteria established by Congress when evaluating his I-602 application.  The Court addresses each issue in turn.

### III.    GOVERNMENT'S MOTION TO DISMISS THE I-360 APPLICATION, I-290B MOTION, AND I-602 APPLICATION CHALLENGES

In its Motion, the Government contends that Elfeky's challenges to USCIS's revocation of its prior approval of Elfeky's I-360 application, USCIS's dismissal of his I-290B motion for reconsideration of that revocation, and USCIS's denial of the I-602 application for waiver of inadmissibility should be dismissed for lack of subject matter jurisdiction under Federal Rule of

Civil Procedure 12(b)(1). In his combined Cross Motion for Summary Judgment and Response to the Government's Motion, Elfeky did not address the Government's argument that the Court lacks jurisdiction to review USCIS's revocation of its prior approval of Elfeky's I-360 application and USCIS's dismissal of his I-290B motion for reconsideration of that revocation.

      A.     <u>Applicable Law</u>

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of jurisdiction over the subject matter" of a case. The plaintiff has the burden of establishing subject matter jurisdiction. *Carpet Group Int'l v. Oriental Rug Imp. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000). "Without jurisdiction the court cannot proceed at all in any case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "A challenge to a complaint for failure to allege subject matter jurisdiction is known as a 'facial' challenge, and must not be confused with a 'factual' challenge contending that the court in fact lacks subject matter jurisdiction, no matter what the complaint alleges . . . ." *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 n.7 (3d Cir. 2001). Defendants' Motion in this case presents a factual challenge.

In assessing a Rule 12(b)(1) motion that presents a factual challenge to a court's jurisdiction, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case . . . . [N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Group*, 227 F.3d at 69.

B.      Discussion

The Government argues that this Court lacks jurisdiction over Elfeky's challenges to the I-360, I-290, and I-602 decisions because the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.*, precludes judicial review of certain types of immigration decisions that involve the exercise of the Agency's discretion. The Government asserts that the jurisdiction-stripping provision contained in the INA, 8 U.S.C. § 1252(a)(2)(B)(ii), applies to those three Agency decisions.

The jurisdiction-stripping provision states, in relevant part:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . .

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title."

8 U.S.C. § 1252(a)(2)(B). The Court will discuss the jurisdiction-stripping provision's applicability to each of the three Agency decisions in turn.

*1.  I-360 Approval Revocation*

The Government argues that the Court lacks jurisdiction to review the Agency's decision to revoke its earlier approval of Elfeky's I-360 petition because that revocation is a discretionary decision subject to the jurisdiction-stripping provision. The Court agrees.

Elfeky's initial I-360 petition was approved by the Attorney General under 8 U.S.C. § 1154(a)(1)(A)(iii), which provides for self-petition for battered or abused spouses. That approval was revoked under 8 U.S.C. § 1155: "The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." The jurisdiction-stripping provision, § 1252(a)(2)(B)(ii), applies to

9

administrative decisions made pursuant to § 1155. *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 205 (3d Cir. 2006).

Thus, this Court lacks jurisdiction to consider Elfeky's challenge to the I-360 revocation as it would require this Court "to revisit and review the Secretary of Homeland Security's exercise of discretion made pursuant to 8 U.S.C. § 1155." *Id.* Accordingly, the Court dismisses Elfeky's challenge to the agency's decision to revoke its earlier I-360 application approval.

### 2. *I-290B Motion for Reconsideration*

The Government contends that the Court lacks jurisdiction to review the Agency's dismissal of Elfeky's I-290B Motion for Reconsideration of the I-360 revocation. The Court agrees.

In addition to lacking jurisdiction over discretionary decisions under § 1252(a)(2)(B)(ii), courts lack jurisdiction over a "denial of a motion for reconsideration of [a] discretionary determination." *Napoleon v. Att'y Gen.*, 231 F. App'x 106, 109 (3d Cir. 2007) (not precedential); *see also Amorim v. Holder*, 575 F. App'x 529, 530 (5th Cir. 2014) (holding that if a court 'lacks jurisdiction to review the discretionary decision in this case, [the] court also lacks jurisdiction to review a denial of a motion to reconsider such a discretionary decision."). Because the Court lacks jurisdiction to review the Agency's underlying I-360 revocation decision, the Court also lacks jurisdiction to review the Agency's dismissal of the I-290B motion to reconsider that revocation. Accordingly, the Court dismisses Elfeky's challenge to the dismissal of the I-290B motion for reconsideration.

### 3. *I-602 Application for Waiver of Inadmissiblity*

The Government asserts that the Court also lacks jurisdiction to consider Elfeky's challenge to the Agency's denial of his I-602 application for a waiver of inadmissibility. The Court disagrees, and determines that the jurisdiction-stripping provision does not apply to USCIS's denial of Elfeky's I-602 waiver of inadmissibility under 8 U.S.C. § 1159(c).

In relevant part, § 1159(c) states, "the Secretary of Homeland Security or the Attorney General may waive any other provision of [§ 1182(a)] (other than paragraph (2)(C) of subparagraph (A), (B), (C), or (E) of paragraph (3)) with respect to such an alien for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest."

 "The jurisdiction-stripping language of § 1252(a)(2)(B)(ii) applies not to all decisions the Attorney General is entitled to make, but to a narrower category of decisions where Congress has taken the additional step to specify that the sole authority for the action is in the Attorney General's discretion." *Alaka v. Attorney General of the United States*, 456 F.3d 88, 95 (3d Cir. 2006). *But see Soltane v. U.S. Dep't of Justice*, 381 F.3d 143, 147 (3d Cir. 2004) (holding that a provision that "sets forth specific eligibility requirements, with instructions that the visa 'shall' issue if those requirements are met" is not discretionary and is judicially reviewable).

In *Jilin*, the Third Circuit determined that the jurisdiction-stripping provision applied to § 1155: "The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." 447 F.3d. at 205. The Third Circuit emphasized four key points of the provision that indicated the decision was discretionary. First, under §1155, the Secretary "may" revoke the petition and "such language is indicative of administrative discretion for purposes of § 1252(a)(2)(B)(ii)." *Id.* at 203. Second, § 1155 states that approval may be revoked "at any time." *Id.* Third, § 1155 permits revocation when the Secretary deems there to be "good and sufficient cause." *Id.* The Third Circuit stated, "[t]he operative fact required to exercise discretion under § 1155 is not merely the presence of cause for the revocation, but the Secretary's *judgment* that such cause exists. Indeed, to quote Judge Tallman, '[n]ot only does [the Secretary] decide whether . . . cause exists, he decides what constitutes such cause in the first place.'" *Id.* at 204; *see also Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 159-60 (3d Cir. 2004) (holding that a decision was discretionary

11

when the relevant provision used "may" and the Attorney General had the "sole discretion" to decide "what evidence is credible and the weight to be given that evidence"). "Fourth, 'for what [the Secretary] deems to be good and sufficient cause' is arguably so subjective as to provide no meaningful legal standard." *Jilin*, 447 F.3d at 204.

The Court notes the use of the word "may" in § 1159(c) and the presumption of discretion that attaches when it is used. However, § 1159(c) does not specify that the decision is made in the Attorney General's "discretion." While this omission itself is not determinative, the provision also includes clear statutory guidance for the granting of such waivers. These statutory considerations are not shielded by language such as "in the sole discretion of the Attorney General," *Urena-Tavarez*, 367 F.3d at 159, or for "what [the Secretary] deems to be good and sufficient cause," *Jilin*, 447 F.3d at 204. Instead, Congress has chosen to enumerate three considerations for granting a waiver and has elected to omit "discretion" language.

A comparison of § 1159(c)'s language with the language of 8 U.S.C. § 1182(i) is also helpful. Both provisions involve waivers of inadmissibility for fraud or willful misrepresentation. Section 1159(c) applies to refugees, while § 1182 applies to non-asylee applicants for adjustment. Section 1182(i)(1) states "that [t]he Attorney General may, in the discretion of the Attorney General, waive" inadmissibility for fraud or willful misrepresentation. Additionally, § 1182(i)(2) includes the clause: "No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver." A comparison of § 1159(c) and § 1182(i) suggests that determinations under § 1159(c) do not involve the same type of unfettered discretion as decisions made pursuant to § 1182(i). In particular, Congress elected to exclude the clause forbidding judicial review from § 1159(c) despite including the clause in § 1182(i).

12

Accordingly, the Court concludes that the jurisdiction-stripping provision does not apply to § 1159(c). Thus, the Court has jurisdiction to consider Elfeky's challenge to the denial of his I-602 application for waiver of inadmissibility.

The Court grants that part of the Government's Motion for Summary Judgment and Partial Dismissal that seeks dismissal for lack of subject matter jurisdiction of Elfeky's challenges to the August 26, 2010 revocation of the Agency's approval of his I-360 application and the April 10, 2015 dismissal of his I-290B motion for reconsideration of that revocation. Elfeky's challenges to those Agency decisions are denied, and those claims are dismissed with prejudice. The Court denies that part of the Government's Motion that seeks dismissal for lack of subject matter jurisdiction of Elfeky's challenge to the Agency's denial of his I-602 application for waiver of inadmissibility. The Court determines that it has jurisdiction to consider the Agency's denial of the I-602 waiver. The Court will now address that denial and the Agency's denial of Elfeky's I-485 application.

## IV.   GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT AND ELFEKY'S CROSS MOTION FOR SUMMARY JUDGMENT AS TO THE DENIAL OF ELFEKY'S I-485 APPLICATION AND I-602 APPLICATION

In its Motion for Summary Judgment and Partial Dismissal, the Government seeks entry of judgment in its favor on Elfeky's challenges to USCIS's denial of his I-485 application for adjustment of immigration status and the denial of his I-602 application for waiver of inadmissibility. Elfeky has filed a Cross Motion for Summary Judgment on these issues, arguing that USCIS's denials of his I-485 and I-602 applications were arbitrary and capricious.

### A.   Applicable Law

The parties seek review under the Administrative Procedure Act ("APA"). "While summary judgment is the proper mechanism for deciding, as a matter of law, whether an agency decision is supported by the administrative record and consistent with the APA standard of review because the

13

district judge sits as an appellate tribunal in such cases, the usual summary judgment standard does not apply." *Uddin v. Mayorkas*, 862 F. Supp. 2d 391, 399 (E.D. Pa. 2012).

Under the Administrative Procedure Act ("APA"), a court may only set aside an agency decision if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). The scope of review under the APA "is narrow, and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Auto Ins. Co.*, 463 U.S. 29, 43 (1983). "Reversal is appropriate only where the administrative action is irrational or not based on relevant factors." *NVE, Inc. v. Dep't of Health & Human Servs.*, 436 F.3d 182, 190 (3d Cir. 2006). In determining whether an agency acted arbitrarily and capriciously, a district court considers "whether the agency relied on factors outside those Congress intended for consideration, completely failed to consider an important aspect of the problem, or provided an explanation that is contrary to, or implausible in light of, the evidence." *Id.*

B.     Discussion

Elfeky argues that USCIS incorrectly denied his I-602 application for waiver of inadmissibility and relied on that incorrect decision in denying his I-485 application for adjustment of status. The Court disagrees.

USCIS found that Elfeky engaged in a fraudulent marriage with Kimberly D. and willfully misrepresented the nature of his marriage when he filed his first I-485 application in 2001. The Agency "also concluded [Elfeky] submitted fraudulent documentation in an effort to establish [his] eligibility in connection with [his] Form I-360." Defs.' Mot. for Summ. J., Ex. 2, A.R. 1506. As a result, USCIS concluded that Elfeky was inadmissible to the United States under INA § 212(a)(6)(C)(i) for fraud or willful misrepresentation of a material fact. *Id.*

Courts interpret fraud and willful misrepresentation as constituting two separate bases for inadmissibility. "Fraud requires that the alien intended to deceive, while willful misrepresentation

requires no such intent." *Xing Yang Yang v. Holder*, 770 F.3d 294, 303 (4th Cir. 2014). "The element of willfulness is satisfied by a finding that the misrepresentation was deliberate and voluntary. The [agency] does not need to show intent to deceive; rather, knowledge of the falsity of the representation will suffice." *Mwongera v. INS.*, 187 F.3d 323, 330 (3d Cir. 1999).

USCIS possessed substantial evidence that Elfeky's marriage to Kimberly D. was fraudulent, including Kimberly D.'s own admission against interest, detailed testimony concerning the circumstances of the marriage, Elfeky's use of an attorney who engaged in a marriage fraud scheme, and evidence that Elfeky and Kimberly D. never cohabitated. The Agency properly weighed this evidence against Kimberly D.'s statement that the marriage was valid, which was made in return for the satisfaction of the default judgment. The Agency found the settlement agreement, along with other miscellaneous evidence presented by Elfeky, did not outweigh the substantial evidence of marriage fraud. When Elfeky submitted his I-485 application and benefited from Kimberly D.'s submission of the I-130 petition in 2001, he committed fraud and willfully misrepresented a material fact, specifically the nature of his marriage to Kimberly D. Based on the record before the Agency, no reasonable adjudicator would be compelled to find that Elfeky did not commit fraud or willfully misrepresent a material fact. *See Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005); *Singh v. Holder*, No. 14-7063, 2015 WL 7888711, at *3 (E.D. Pa. December 13, 2015). Accordingly, the Court concludes that USCIS's denial of Elfeky's I-485 application was not arbitrary, capricious, or an abuse of discretion.

The Court next considers Elfeky's challenge to the denial of his I-602 application for waiver of inadmissibility. The Agency concluded that Elfeky committed fraud or willfully misrepresented a material fact that rendered him inadmissible. The grant of an I-602 waiver would have rendered Elfeky admissible and removed the bar to his I-485 application. Elfeky claims that USCIS improperly applied the § 1182(i) factor of hardship to a relative and did not adequately assess the

§ 1159(c) factors. However, contrary to Elfeky's assertion, USCIS correctly identified and applied the § 1159(c) factors. In its Notice of Intent to Deny the I-602 Waiver, USCIS stated, "Waivers of inadmissibility under [§ 1159(c)], unlike waivers of inadmissibility provided for by some other sections of law, consider your equities in terms of such broad concerns as humanitarian purposes, family unity, and the public interest." Defs.' Mot. for Summ. J., Ex. 4, A.R. 1536. As part of its determination, USCIS considered Elfeky's fear of future persecution, his business, his payment of taxes, and his assistance when questioned about potential security and criminal issues in the Los Angeles area. *Id.* However, it ultimately concluded that Elfeky had not sufficiently established any of those three grounds for a waiver. *Id.* Additionally, USCIS concluded that, even if Elfeky had established grounds for waiver, his "case still would not merit a favorable exercise of discretion" given the severity of his fraud and misrepresentation. *Id.* at A.R. 1536-37.

This Court is not permitted to reweigh the evidence. USCIS applied the relevant statutory considerations and weighed the evidence presented by Elfeky. It ultimately concluded he did not merit a waiver of inadmissibility under § 1159(c). USCIS's denial of the I-602 waiver was not arbitrary, capricious, or an abuse of discretion. The Court grants that part of the Government's Motion for Summary Judgment and Partial Dismissal seeking entry of judgment in its favor on Elfeky's challenges to the denials of his I-485 application and I-602 waiver of inadmissibility application.  The Court denies Elfeky's Cross Motion for Summary Judgment on these issues as USCIS's denials of the I-485 and I-602 applications were not arbitrary, capricious, or an abuse of the Agency's discretion.

**V.      CONCLUSION**

The Court grants in part and denies in part the Government's Motion for Summary Judgment and Partial Dismissal. The Court grants that part of the Government's Motion that seeks dismissal of Elfeky's challenges to the August 26, 2010 revocation of the Agency's approval of his

I-360 application and the April 10, 2015 dismissal of the I-290B motion for reconsideration of the Agency's decision to revoke the I-360 approval. Those claims are dismissed with prejudice for lack of subject matter jurisdiction. The Court denies that part of the Government's Motion that seeks dismissal of Elfeky's challenge to the February 17, 2016 denial of his I-602 application for waiver of inadmissibility.

The Court grants that part of the Government's Motion that seeks entry of judgment in its favor on Elfeky's challenges to the February 17, 2016 denials of his I-485 application seeking to adjust status and his I-602 application for waiver of inadmissibility. The Court denies Elfeky's Cross Motion for Summary Judgment in its entirety. An appropriate order follows.